The Honorable _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

I4F LICENSING N.V.,

     Plaintiff,

  v.

HANGZHOU HANHENT INDUSTRIES
CO., LTD. d/b/a HANFLOR and FORM+
DESIGN LTD.,

     Defendants.

CASE NO.: Not Yet Assigned

COMPLAINT

JURY TRIAL DEMANDED

Plaintiff i4F Licensing N.V. ("i4F"), through its counsel, hereby alleges the following for its Complaint against Defendant Hangzhou Hanhent Industries Co., Ltd. d/b/a Hanflor and Form+ Design Ltd. (collectively, "Defendants"):

1. This is a civil action for the infringement of United States Patent No. 8,978,336, entitled "Floor Panel and Floor Covering Consisting of a Plurality of Such Floor Panels" (the '336 Patent"), United States Patent No. 10,267,046, entitled "Panel Interconnectable with Similar Panels for Forming a Covering" ("the '046 Patent", collectively with the '336 Patent, the "Locking Patents"), United States Patent No. 11,091,918, entitled "Covering Panel and Process of Producing Covering Panels" ("the '918 Patent"), United States Patent No. 11,794,396, entitled "Method of Producing a Glueless Dustless Composite Flooring Material System" ("the '396 Patent"), United States Patent No. 12,110,692, entitled "Decorative Panel, and Decorative Floor Covering

COMPLAINT          1

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109
(206) 880-1802

Consisting of Said Panels" ("the '692 Patent"), and United States Patent No. 12,427,753, entitled "Glueless Dustless Composite Flooring Material System." ("the '753 Patent", collectively, with the '918 and '396 Patents, the "Material Patents" and, collectively, the '918 and '396 Patents and the Locking Patent, the "Asserted Patents").

2.    This is also an action for trademark infringement and unfair competition and false advertising under the Lanham Act.

3.    Plaintiff i4F is a Belgian company having a principal place of business at Industriedijk 19, 2300 Turnhout, Belgium.

4.    Upon information and belief, Defendant Hangzhou Hanhent Industries Co., Ltd. ("Hanflor") is a Chinese corporation with a principal place of business at Room 301-303, Building 8, No.181 Wuchang Avenue, Wuchang Street, Yuhang District, Hangzhou, China who operates under the tradename "Hanflor".

5.    Upon information and belief, Defendant Form+ Design Ltd. ("Form Design") is a Canadian corporation with principal place of business at 108-19155 38 Avenue, Surrey, British Columbia, Canada V3Z 0Y6.

## PERSONAL JURISDICTION AND VENUE

6.    This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 et seq.

7.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 1367.

8.    This Court has personal jurisdiction over Defendants because Defendants have committed and continues to commit acts of infringement in this district, as explained in further detail below.

9.    Alternatively, this Court has personal jurisdiction over Defendants under Fed. R. Civ. P. 4(k)(2) for at least the reasons that Defendants have committed acts of infringement in the

COMPLAINT                                    2

United States, are not subject to the jurisdiction in any state's courts of general jurisdiction, and have purposefully directed their infringing activity at United States residents.

10.     Venue is proper under 28 U.S.C. §§ 1391 because Defendants are foreign corporations and are subject to personal jurisdiction in this District due to their acts of infringement by way of at least their importation of infringing product in this District.

11.     In particular, and upon information and belief, Defendants have imported, sold, or offered to sell and continue to import, sell or offer to sell all stone plastic composite (SPC) floor panels or tiles utilizing locking systems that are not licensed or otherwise authorized by i4F, namely the Lox locking system, marketed and licensed by i4F's competitor Vilox AB, (the "SPC Accused Products") in the United States.

12.     Further, at least Defendant Hanflor offers to sell floor panels or tiles made, used imported, sold or offered for sale in the United States by Defendant that include i4F's 3L TripleLock and Click4U locking systems (the "Locking Accused Products", collectively, with the SPC Accused Products, the "Accused Products").

**PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271**

13.     i4F repeats and re-alleges the averments contained in all preceding paragraphs of this Complaint as if fully stated herein.

14.     i4F is a research and development company focused primarily on the flooring industry. i4F's patent portfolio includes patents for flooring installation and wall mounting systems, material compositions, surface treatment as well as board production, outdoor and stair tread technologies. Patents and patent applications for i4F's technologies have been granted and filed, respectively, in many countries worldwide. i4F's technologies and patented inventions are incorporated into the products of over 150 leading flooring manufacturers in the US and other countries, who are licensed by i4F. i4F's experienced technical team provides licensees with the

COMPLAINT                                3

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802

technical designs and know-how needed to implement i4F's technologies on their products.  i4F markets its patented locking systems for use on SPC floor panels, among others, as the 3L TripleLock and Click4U locking systems and licenses the same to third parties.

15.    Plaintiff i4F is the owner of a vast patent portfolio, which includes the Asserted Patents.

16.    Plaintiff i4F is the owner by assignment of the Asserted Patents.

17.    The 3L TripleLock and Click4U locking systems are covered by the Locking Patents.

18.    Licensees of the 3L TripleLock and Click4U locking systems and, thus, the Locking Patents, are required to label each box containing floor panels or tiles having i4F's 3L TripleLock and click4U locking systems with i4F L2C labels. The i4F L2C label indicates that i4F has authorized the box containing floor panels or tiles for manufacture and sale under a valid licensing arrangement.

19.    Additionally, i4F Locking Patent licensees mark their products with i4F's patents by including the following or similar language: "THESE PRODUCTS UTILIZE PROPRIETARY 3L TRIPLELOCK AND CLICK4U TECHNOLOGY patents: www.patents-i4f.com" or "PRODUCED UNDER LICENSE OF THE PATENTS LISTED at www.patents-i4f.com."  The URLs www.patents-i4f.com and www.i4f.com/patents/ identify the Locking Patents.

COMPLAINT                                      4

20.    Defendant Hanflor is a Chinese manufacturer of PVC-based flooring materials, including SPC floor panels and tiles:



Ex. A. (https://www.hanflor.com/comm01/factory-introduction.htm).

21.    SPC is a material that is a mixture of polyvinyl chloride (PVC) and a stone filler material, usually a stone dust or stone powder material, such as calcium carbonate or chalk.

22.    The SPC Accused Products are SPC flooring panels and tiles that include an SPC substrate or core with a top layer applied to the top of the core.

23.    Defendant Hanflor has offered the SPC Accused Products for sale and sold them in the United States to several retailers and distributors and has imported the SPC Accused Products into the United States.

COMPLAINT                                          5

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802

24.    Defendant Hanflor also offers the SPC Accused Products for sale in the United States through the "Made-in-China" sales platform and Alibaba as shown below:



Ex. B. (https://www.alibaba.com/product-detail/Competitive-PVC-Click-Flooring-Plastic-Wooden_1601511390455.html).



Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802

**Basic Info.**

| Material | PVC | Style | American |
|---|---|---|---|
| Function | Anti-Slip, Moisture Proof, Wear-Resistant, Fireproof, Waterproof, Soundproof, Anti-Static | Thickness | 4.0-5.0mm |
| Lead Hardness | Soft | Surface Treatment | UV Coated |
| Pattern | Wood Grain | Color | Multi-Color |
| State | Plank in Pieces | Usage | Household, Commercial |
| Name 1 | Plastic Flooring | Name 2 | Flooring |
| Name 3 | Spc Flooring | Name 4 | PVC Flooring |
| Name 5 | Vinyl Plank Flooring | Name 6 | Luxury Vinyl Flooring |
| Name 7 | Click Vinyl Flooring | Name 8 | Vinyl Planks |
| Name 9 | Rigid Flooring | Name 10 | PVC Planks |
| Trademark | hanflor | Specification | 7"*48"x4.0mm |
| Origin | China | | |

Ex. C (https://hanflor.en.made-in-china.com/product/mBZxEeRMhCUV/China-Stone-Plastic-Composite-Vinyl-Spc-Flooring.html?pv_id=1jjhbt8raca8&faw_id=1jjhbtg6cd9f&bv_id=1jjhbtivp7d2&pbv_id=1jjhbt6jpd51).

25. Hanflor's Alibaba page includes customer reviews of SPC Accused Products in the United States:



7

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802

26.    The SPC Accused Products sold by Defendant Hanflor and imported into the United States include an SPC core layer, a PVC decorative film layer, a PVC wear layer, a UV cured coating and a click lock system:



Ex. B

27.    Upon information and belief, to manufacture SPC floor panels and, thus, the SPC Accused Products, Defendant Hanflor mixes PVC resin with calcium carbonate in amount of 15-75 wt. %, with plasticizers, including Tris(2,4-di-tert-butylphenyl) phosphate and Bis(2-ethylhexyl) terephthalate or DOTP (Dioctyl terephthalate).

COMPLAINT                                  8

28.    Hanflor's website hanflor.com states that its SPC products use calcium carbonate:



Ex. D (https://www.hanflor.com/n1827360/Composite-Core-Products.htm)

29.    Hanflor extrudes the resulting mixture to obtain a substrate or SPC core layer, molding the mixture to the desired shape of the core/substrate:



COMPLAINT                                        9

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802



Ex. E (screenshots of video located at https://www.youtube.com/watch?v=ll_juuXhgy8)

30.    Defendant Hanflor then laminates the substrate to the top layer through a hot-melt overlaying process without glue:



Hanflor SPC Rigid Core Vinyl Flooring Production Line Process

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802



Hanflor SPC Rigid Core Vinyl Flooring Production Line Process



Hanflor SPC Rigid Core Vinyl Flooring Production Line Process

Ex. E.

31.    Upon information and belief, the substrate is attached to the top layer at a temperature higher than the softening point of PVC but lower than the melting point of PVC.  See Ex. D (regarding "thermofusing" the layers).

COMPLAINT                                        11

32.    The top layer includes a transparent PVC wear layer, a textured surface, a decorative layer below the wear layer, and a UV cured top layer that is waterproof:





Ex. B.



SPC-Solid Plastic Composite

SPC core however has a higher concentration of limestone (calcium carbonate), lesser thermoplastics and absolutely no foaming agents, which results in a thinner, denser and heavier core. The vinyl layer is removed as the design layer is thermofused directly to the core layer. Underlayment can be attached for sound absorption. SPC being denser with high limestone content can handle higher impact and is very suitable for commercial use.

Ex. D

COMPLAINT                                    12

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802



Hanflor SPC Rigid Core Vinyl Flooring Production Line Process

Ex. E.

33.     The SPC Accused Products are also provided with an underlayment layer on the bottom of the SPC substrate / core.  *See* Exs. B-D.

34.     The resultant SPC Accused Products are waterproof, fireproof, wear resistant and glueless.  *See* Exs. B-D.

35.     Defendant Form Design is a distributor, seller and importer of home fixture and finishing products, including SPC flooring.

36.     Upon information and belief, Form Design sells SPC Accused Products manufactured by Defendant Hanflor.  *See* Exs. F, G.

37.     Upon information and belief, the SPC Accused Products have been and are being imported into the Port of Tacoma by Defendants.

38.     Upon information and belief, Defendant Hanflor has imported the SPC Accused Products into several other destination ports in the United States.

COMPLAINT                                        13

39.    The Material Patents cover various aspects of floor panels/tiles, including SPC panels/tiles, and processes of producing the same.

40.    Defendants are not licensed or otherwise authorized by i4F to practice the technology of the Material Patents.

41.    Defendants' sale, offer for sale, and importation into the United States of the SPC Accused Products infringe at least claims 1 and 8 of the '918 Patent (the "Asserted '918 Claims"), claims 1-3 and 6-11 of the '396 Patent (the "Asserted '396 Claims"), claims 1, 3, 8, 14, and 15 of the '692 Patent (the "Asserted '692 Claims"), and  claims 1-5, 8-10, 14, 18-19, and 21-24 of the '753 Patent (the "Asserted '753 Claims", collectively, with the Asserted '396 Claims, Asserted '918 Claims, and Asserted '692 Claims, the "Asserted Material Patent Claims").

42.    Defendant Hanflor also offers its flooring planks for sale with i4F locking system technology:



Ex. B (emphasis added).

43.    Hanflor is not licensed to use i4F's patented 3L TripleLock and Click4U locking technologies.

44.    At least Hanflor's offer for sale of i4F "click lock system" on its floor panels is an infringement of the Locking Patents.

COMPLAINT                                      14

45. Upon information and belief, Hanflor has sold and imported floor panels including the 3L TripleLock and Click4U locking system technologies.

46. Hanflor's sale, offer for sale and/or importation of any floor panel including i4F's 3L TripleLock and Click4U locking system technologies infringes the Locking Patents.

47. The 3L TripleLock and Click4U locking system technologies are the only "click lock" technologies licensed for use by i4F.

48. Hanflor's sale, offer for sale or importation of i4F's "click lock system", see Ex. B, is, thus, the sale, offer for sale or importation of the 3L TripleLock and Click4U locking system technologies.

49. The 3L TripleLock and Click4U locking system technologies are illustrated below:



Ex. H (3L TripleLock locking system).



Ex. H (Click4U locking system).

50. Floor panels and tiles that include the 3L TripleLock and Click4U locking system include a centrally located core provided with an upper side and a lower side. See '339 Patent, claim 1; '046 Patent, claims 1, 24.

COMPLAINT                                    15

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802

51.     Examples of the 3L TripleLock and Click4U locking systems are illustrated in the following schematic profile drawings with the Click4U being illustrated in the top profiles and the 3L TripleLock illustrated below:



52.     3L TripleLock and Click4U installation are illustrated schematically as follows:



53.     The 3L TripleLock includes a first resilient coupling part and second resilient coupling part connected respectively to opposite edges of the core, wherein the first coupling part comprises a single upward tongue, an upward flank lying at a distance from the upward tongue

COMPLAINT                                                16

and an upward groove formed between the upward tongue and the upward flank, as recited in claim 1 of the '336 Patent. *See* Ex. H, ¶¶ 49-52, *supra*.

54.     3L TripleLock also includes at least a part of a side of an upward tongue facing toward an upward flank that extends in a direction of a normal of an upper side of a core, and at least a part of a side of the upward tongue facing toward the upward flank that forms an upward aligning edge for the purpose of coupling a first coupling part to a second coupling part of an adjacent floor panel, as recited in claim 1 of the '366 Patent, as recited in claim 1 of the '336 Patent. *See* Ex. H, ¶¶ 49-52, *supra*.

55.     3L TripleLock also includes at least a part of a side of the upward tongue facing away from the upward flank is provided with a locking element which is connected substantially rigidly to the upward tongue and adapted for co-action with a second locking element of a second coupling part of an adjacent floor panel, which second coupling part comprises a single downward tongue, at least one downward flank lying at a distance from the downward tongue, and a single downward groove formed between the downward tongue and the downward flank, as recited in claim 1 of the '366 Patent. *See* Ex. H, ¶¶ 49-52, *supra*.

56.     3L TripleLock further includes at least a part of a side of the downward tongue facing toward the downward flank extends in the direction of the normal of the lower side of the core, and at least a part of a side of the downward tongue facing away from the downward flank forms a downward aligning edge for the purpose of coupling the second coupling part to a first coupling part of an adjacent floor panel, as recited in claim 1 of the '366 Patent. *See* Ex. H, ¶¶ 49-52, *supra*.

57.     3L TripleLock also includes a downward flank provided with a second locking element which is connected substantially rigidly to the downward flank and adapted for co-action with a first locking element of a first coupling part of an adjacent floor panel, wherein the upward

COMPLAINT                                                17

groove is adapted to receive at least a part of a downward tongue of an adjacent panel, and wherein the downward groove is adapted to receive at least a part of an upward tongue of an adjacent panel, as recited in claim 1 of the '366 Patent. *See* Ex. H, ¶¶ 49-52, *supra*.

58.     Floor panels or tiles including 3L TripleLock and Click4U locking profiles have a core provided with a first pair of edges, having a first edge with a sideward tongue extending in a direction substantially parallel to the upper side of the panel, with a bottom back region of the tongue being configured as a bearing region, wherein the bottom back region is located closer to the level of the upper side of the panel than a lowest part of the bottom front region and an opposite, second edge having a recess for accommodating at least part of a sideward tongue of a second panel, wherein the recess is defined by an upper lip and a lower lip, said lower lip being provided with an upwardly protruding shoulder facing the bearing region of the sideward tongue, as recited in claims 1 and 24 of the '046 Patent. *See* Ex. H, ¶¶ 49-52, *supra*.

59.     Such panels or tiles also have a sideward tongue being designed such that locking takes place by an introduction movement into the recess of a sideward tongue of the second panel and an angling down movement about an axis parallel to the first edge, as a result of which a top side of the sideward tongue will engage the upper lip and the bearing region of the sideward tongue will be supported by and/or facing the shoulder of the lower lip leading to locking of the panel and the second panel at the first and second edges in both a horizontal direction and a vertical direction, as recited in claims 1 and 24 of the '046 Patent. *See* Ex. H, ¶¶ 49-52, *supra*.

60.     Floor panels or tiles that include 3L Triple Lock and Click4U also include a second pair of opposite edges comprising a third edge comprising a single upward tongue, at least one upward flank lying at a distance from the upward tongue and a single upward groove formed between the upward tongue and the upward flank, and wherein at least a part of a side of the upward tongue facing away from the upward flank comprises a substantially rigid first locking

COMPLAINT                                            18

element, and a fourth edge comprising a single downward tongue, at least one downward flank lying at a distance from the downward tongue, and a single downward groove formed between the downward tongue and the downward flank, and wherein the downward flank comprises a substantially rigid, second locking element adapted for co-action with a first rigid locking element of a third edge of a third panel, as recited in claims 1 and 24 of the '046 Patent. *See* Ex. H, ¶¶ 49-52, *supra*.

61.     The third and fourth edges of such panels are designed such that locking takes place during angling down of the second panel at a first edge of the second panel to a second edge of the panel, wherein the fourth edge of the second panel makes a scissoring movement toward the third edge of the third panel, or during coupling of the second panel at a first edge to a second edge of the panel, such that the downward tongue of the fourth edge of the second panel will be forced into the upward groove of the third edge of the third panel and the upward tongue of the third panel will be forced into the downward groove of the second panel, by deformation of the third edge and/ or the fourth edge, leading to locking of adjacent panels at the third and fourth edges in both the horizontal direction and the vertical direction, as recited in claims 1 and 24 of the '046 Patent. *See* Ex. H, ¶¶ 49-52, *supra*.

62.     3L TripleLock also includes at least a part of a side of the upward tongue facing toward the upward flank is inclined toward the upward flank and extends in the direction of the normal of the upper side of the core, and wherein at least a part of a side of the downward tongue facing toward the downward flank is included toward the downward flank and extends in the direction of the normal of the lower side of the core, as recited in claims 1 and 24 of the '046 Patent. *See* Ex. H, ¶¶ 49-52, *supra*.

63.     Panels or tiles including 3L TripleLock and Click4U are installed by inserting a sideward tongue of a first edge of a second panel in an inclined position into a recess of a second

COMPLAINT                                          19

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802

edge of the first panel, angling down the second panel with respect to the first panel, until both panels are situated in the same plane, inserting a sideward tongue of a first edge of a third panel in an inclined position into the recess of the second edge of the first panel, and angling down the third panel with respect to the first panel and the second panel, until the panels are situated in the same plane, wherein a downward tongue of a fourth edge of the third panel will be inserted into an upward groove of a third edge of the second panel by guiding the downward tongue of the fourth edge of the third panel along an aligning edge formed on an upward flank of the third edge of the second panel that defines the upward groove of the third edge of the second panel, and wherein an upward tongue of the third edge of the second panel will snap into a downward groove of the fourth edge of the third panel, leading to locking of the third panel with respect to the first panel at the first and second edges and with respect to the second panel at the third and fourth edges in both a horizontal direction and a vertical direction.  See '046 Patent, claim 47.  The materials used to construct any such panels the snapping action required by method claim 47 when downward pressure, as required by the installation instructions, is applied. *See* Ex. H, ¶¶ 49-52, *supra*.

64.    Thus, by offering i4F "Click Lock" for incorporation into its floor panels and tiles, Defendant Hanflor is offering floor panels and tiles including the 3L TripleLock and Click4U locking systems, which infringe at least claim 1 of the '336 Patent and Claims 1 and 24 of the '046 Patent.

### TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT

65.    Plaintiff i4F is the owner of U.S. Trademark Registration No. 6,635,113 ("the '113 Registration") for the mark I4F (the "i4F Mark") in connection with the following goods and services:

COMPLAINT                                              20

International Class 19: Wooden floors, parquet flooring and laminated flooring and components of the aforesaid goods, namely, underlay for laminate flooring and waterproofing membranes for floors; non-metal floor panels, floorboards, parquet floor panels, parquet floor boards, laminate floor panels and laminate floor boards, whether or not involving a click system; non-metal floors, floor parts in the nature of floor tiles of wood, and movable floors and subfloors, not of metal; panels and sheets, not of metal, namely, for covering floors, walls and ceilings; profiles in the nature of decorative trim for use in building construction, architectural and decorative mouldings and wood skirting boards, not of metal; floors, not of metal; building materials, namely, nonmetal connection systems comprising braces and expansion joints for use in flooring, walling, ceiling; building materials, namely, nonmetal connection materials, namely, rigid structural joint connectors for use in flooring, walling, ceiling.

International Class 27: Floor coverings, wall coverings not of textile material, with or without a click system; floating plastic floor coverings, whether or not involving a click system; floor panels and floor parts all in the nature of floor mats of vinyl; laminated floor coverings, laminated floor coverings of woven vinyl in combination with polyester.

International Class 42: Scientific and technological services, namely, research and design in the field of flooring and wall coverings; industrial analysis and research services in the field of home improvement products; product research; product development; new product design; consultancy and information regarding the aforesaid services, including via electronic networks such as the internet.

International Class 45: Licensing of intellectual property; legal advisory and licensing services relating to patents.

66.    Plaintiff i4F has been using the i4F Mark in interstate commerce since at least 2016.

67.    Since that time i4F and the i4F Mark have acquired significant good will and acclaim in the flooring industry and among the relevant consuming public.

68.    The i4F Mark and i4F have gained a reputation as being the source of industry leading drop-lock or click lock systems, providing the easiest and fastest system for installation with high locking strength on all flooring materials.

COMPLAINT                                     21                Folio Law Group PLLC
                                                                1200 Westlake Ave. N., Ste. 809
                                                                Seattle, WA  98109
                                                                (206) 880-1802

69.    Defendant Hanflor uses the i4F Mark to indicate that it provides i4F "Click Lock" systems on its flooring products:



Ex. B (emphasis added).

70.    Hanflor is not licensed or authorized to provide its products with i4F click lock systems or to use the i4F Mark.

71.    Hanflor's use of the i4F Mark in connection with its flooring products is, thus, likely to cause confusion among the relevant consuming public that Hanflor is licensed, approved or authorized by or otherwise affiliated with i4F.

72.    Additionally, and/or alternatively, to the extent Hanflor does not provide floor panel or tiles with i4F locking technology, Hanflor's use of the i4F Mark is likely to mislead and confuse consumers that the locking provided on Hanflor floor panels/tiles is i4F locking technology.

73.    Accordingly, Hanflor's use of the i4F Mark constitutes trademark infringement, unfair competition and false advertising.

74.    On January 25, 2026, Plaintiff sent a demand letter to Hanflor identifying its infringement of the Asserted Patents, the i4F Mark and '113 Registration and demanding Hanflor cease and desist from continuing said infringement, among other things.

COMPLAINT                                    22

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802

75.    Hanlfor's response, dated January 26, 2026, is reproduced as follows, verbatim:

Dear Sir or Madam,

We are a trading company and we are promoting the products from those SPC flooring factories who hold the i4F patent. Since the factories are always difficult to reach overseas customers, what we do is helping their product sales. We don't think this way has any problems. While the patent fees of i4F is no better than the other click systems, all customers prefer the others.

About the letters of "i4F" you found in the listing on Alibaba.com, those are keywords exsiting [*sic*] in the Alibaba keywords database and AI tools random caught from there and wrote the product descriptions automatically [*sic*], if you do not allow us to indicate, we will delate [*sic*] all with no doubt.
Best regards
Tel  0086-571-85265001
Email info@hanhent.com

76.    Hanflor's response contains several falsities.

77.    As demonstrated herein above, *see, e.g.,* ¶¶ 20-38, Hanflor is, indeed, a manufacturer, seller and importer of SPC products.

78.    No Chinese factories are presently licensed by i4F to practice the Material Patents.

79.    Hanflor did not remove the i4F Mark as suggested in its response.

80.    As of the filing of this complaint, the use of the i4F Mark by Hanflor demonstrated above still exists.

81.    Upon information and belief, Hanflor's response and associated misrepresentations were intended to mislead i4F into believing Hanflor's conduct was lawful so that it could continue its infringing conduct without repercussion.

82.    On February 2, 2026, i4F sent a subsequent letter reiterating its demands and identifying the errors and deficiencies in Hanflor's responses.

83.    To date, no further communication from Hanflor has been received by i4F.

84.    In view of the foregoing, Hanflor's infringement of the Asserted Patents and the i4F Mark is willful.

COMPLAINT                                          23

85. Upon service of this Complaint, Defendant Form Design will have actual knowledge of the Asserted Patents.

86. Accordingly, Defendant Form Design's continued infringement of the Material Patents will be willful.

### COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,091,918
### AGAINST DEFENDANTS HANFLOR AND FORM DESIGN

87. i4F repeats and re-alleges the averments contained in all preceding paragraphs of this Complaint as if fully stated herein.

88. Defendant Hanflor imports the SPC Accused Products, manufactured by the processes recited in the Asserted '918 claims, into the United States and offers to sell and sells the same in the United States.

89. Defendant Form Design likewise imports the SPC Accused Products, manufactured at least by Hanflor according to the processes recited in the Asserted '918 claims, into the United States and sells and offers to sell in the United States.

90. Defendant Hanflor practices each and every element of the Asserted '918 Claims.

91. The SPC Accused Products are SPC floor panels or tiles manufactured by Hanflor. '918 Patent (claims 1, 8); *see also, e.g.,* Ex. A-C.

92. Upon information and belief, Hanflor manufactures the SPC Accused Products by mixing a synthetic material, namely PVC, with a filler material, namely calcium carbonate, in an amount from 15 to 75 wt % calcium carbonate. The resulting mixture is extruded to obtain an SPC substrate. '918 Patent (claims 1, 8); *see also, e.g.*, Ex. D.

93. Upon information and belief, a top layer is laminated to the substrate, and the substrate is heated to a temperature above the softening point of PVC, but lower than the melting

COMPLAINT

24

temperature and is annealed. '918 Patent (claims 1, 8); *see also, e.g.,* Ex. E (video screenshots of "Laminating Line").

94. The activities of Defendants in using, importing, selling and/or offering to sell the SPC Accused Products constitutes infringement of the Asserted '918 Claims under 35 U.S.C § 271(g).

95. Defendant Hanflor's conduct in urging or encouraging third parties, including Defendant Form+, to import the SPC Accused Products into the United States and/or to sell or offer to sell the same in the United States, knowing or being willfully blind to the fact that said third parties' conduct infringes the Asserted '918 Claims constitutes indirect infringement under 35 U.S.C § 271(b).

96. At least Defendant Hanflor's infringement is willful.

97. Upon service of this Complaint, Defendant Form Design's continued infringement will be willful.

98. i4F has been irreparably damaged and will continue to be irreparably damaged by reason of Defendants' infringement of the '918 Patent unless this Court restrains their infringing. i4F is without an adequate remedy at law.

## COUNT II: INFRINGEMENT OF U.S. PATENT NO. 11,794,396 AGAINST DEFENDANTS HANFLOR AND FORM DESIGN

99. i4F repeats and re-alleges the averments contained in all preceding paragraphs of this Complaint as if fully stated herein.

100. Defendants import the SPC Accused Products into the United States and at least Defendant Hanflor offers to sell and sells the same in the United States.

101. The SPC Accused Products practice each and every element of the Asserted '396 Claims.

COMPLAINT                                          25

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802

102.    The SPC Accused Products are composite flooring material segments including an SPC core or base layer, which is a mixture of PVC and calcium carbonate, and is free of glue, '396 Patent (claim 1):



Ex. B; *see also, e.g.,* Ex. D (SPC product layering diagram and under heading "SPC-Solid Plastic Composite"), Exs. F-G.

103.    The mixture is extruded at elevated temperature and pressure through an extrusion mold to create an SPC base layer / core. '396 Patent (claim 1), *see also, e.g.,* Ex. E (video screenshots of "Laminating Line").

104.    The SPC Accused Products are provided with face layer that includes a decorative sublayer and a wearing sublayer fused onto the top face of the decorative sublayer. '396 Patent (claim 1); *see also, e.g.,* Exs. B-D, F-G.

105.    The face layer is textured. '396 Patent (claim 1), *see also, e.g.,* Exs. B-C.

106.    The face layer is fused onto the top face of the SPC base layer by hot-melt overlaying by at least bringing the various layers into contact with one another and simultaneously

COMPLAINT                                    26

heating and applying compression to fuse the layers together. '396 Patent (claim 1); *see also, e.g.,* Ex. D (regarding "thermofusing" the layers).

107. A cured waterproof UV plastic resin coating layer is applied to the face layer and is cured by exposure to UV light. '396 Patent (claim 1); *see also, e.g.,* Exs. B-D, Ex. E (video screenshots of "UV Coating Line"), F-G.

108. The SPC Accused Products are free of compressed cellulose material. '396 Patent (claim 2); *see also, e.g,* Exs. B-D.

109. The SPC base layer is waterproof, the decorative sublayer is a PVC decorative film with a printed and colored design thereon, the wearing layer is a transparent PVC polymer film, and the UV coating layer is transparent. '396 Patent (claims 3, 6-11); *see also, e.g,* Exs. B-D, F-G.

110. The activities of Defendants in importing into or selling and/or offering to sell the SPC Accused Products in the United States constitutes infringement of the Asserted '396 Claims under 35 U.S.C § 271(a).

111. Defendant Hanflor's conduct in urging or encouraging third parties, including Defendant Form+, to import the SPC Accused Products into the United States and/or to sell or offer to sell the same in the United States, knowing or being willfully blind to the fact that said third parties' conduct infringes the Asserted '396 Claims constitutes indirect infringement under 35 U.S.C § 271(b).

112. At least Defendant Hanflor's infringement is willful.

113. Upon service of this Complaint, Defendant Form Design's continued infringement will be willful.

COMPLAINT

27

114.    i4F has been irreparably damaged and will continue to be irreparably damaged by reason of Defendants' infringement of the '396 Patent unless this Court restrains their infringing conduct.  i4F is without an adequate remedy at law.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 12,427,753
AGAINST DEFENDANTS HANFLOR AND FORM DESIGN**

115.    i4F repeats and re-alleges the averments contained in all preceding paragraphs of this Complaint as if fully stated herein.

116.    Defendants import the SPC Accused Products into the United States and at least Defendant Hanflor offers to sell and sells the same in the United States.

117.    The SPC Accused Products practice each and every element of the Asserted '753 Claims.

118.    The SPC Accused Products include an SPC base layer comprising PVC resin and calcium carbonate mixture.  '753 Patent (claim 1), *see also, e.g.,* Exs. B, D.

119.    The SPC Accused Products are provided with face layer that includes a decorative sublayer and a wearing sublayer fused onto the top face of the decorative sublayer.  '753 Patent (claim 1); *see also, e.g.,* Exs. B-C, (regarding "thermofusing" the layers), Ex. E (video screenshots of "Laminating Line").

120.    The wearing sublayer is fused onto the top face of the decorative sublayer by hot-melt overlaying by at least bringing the layers into contact with one another and simultaneously heating and applying compression to fuse the layers together.  '753 Patent (claim 1); *see also, e.g.,* Exs. B-C, Ex. D (regarding "thermofusing" the layers), Ex. E (video screenshots of "Laminating Line").

121.    The face layer is also fused to the top face of the SPC base layer by hot-melt overlaying by at least bringing the base layer and face layer into contact with one another and

COMPLAINT                                            28

simultaneously heating and applying compression to fuse the layers together without adhesives. '753 Patent (claim 1); *see also, e.g.,* Exs. B-C, Ex. D (regarding "thermofusing" the layers), Ex. E (video screenshots of "Laminating Line").

122.    The decorative sublayer has a printed pattern or image thereon and the face layer is decoratively textured with the texture being at least partially complementary to the pattern or image of the decorative sublayer.  '753 Patent (claims 1, 18); *see also, e.g.*, Exs. B-D, F-G.

123.    The SPC Accused Products also have a flooring coating layer comprising a UV-cured resin.  '753 Patent (claim 2); *see also, e.g.,* Exs. B-D, Ex. E (video screenshots of "UV Coating Line").

124.    The SPC Accused Products are also provided with an underlayment layer on the bottom of the SPC base layer / core.  '753 Patent (claim 4); *see also, e.g.,* Exs. B-D.

125.    The SPC base layer and the flooring face layer are waterproof, the decorative sublayer is a colored PVC decorative film with a printed pattern or image thereon, the wearing layer is a transparent PVC polymer film that is wear-resistant, and the UV coating layer is transparent. '753 Patent (claims 3, 5, 8-10, 23-24); *see also, e.g.,* Exs. B-D.

126.    The SPC Accused Products are free of compressed cellulose.  '753 Patent (claim 14); *see also, e.g.,* Exs. B-D.

127.    The UV coating layer is applied as a film.  '753 Patent (claim 1); *see also, e.g.,* Exs. B-D, Ex. E (video screenshots of "UV Coating Line").

128.    The SPC Accused Products include coupling or installation profiles for installation and locking with adjacent panels / flooring segments.  '753 Patent (claims 21-22); *see also, e.g.,* Exs. B-C, F-G.

129.    The activities of Defendants in using, importing, selling and/or offering to sell the Accused Products constitutes infringement of the Asserted '753 Claims under 35 U.S.C § 271(a).

COMPLAINT    29

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802

130. Defendant Hanflor's conduct in urging or encouraging third parties, including Defendant Form+, to import the SPC Accused Products into the United States and/or to sell or offer to sell the same in the United States, knowing or being willfully blind to the fact that said third parties' conduct infringes the Asserted '753 Claims constitutes indirect infringement under 35 U.S.C § 271(b).

131. Defendant Hanflor's infringement is willful.

132. Upon service of this Complaint, Defendant Form Design's continued infringement will be willful.

133. i4F has been irreparably damaged and will continue to be irreparably damaged by reason of Defendants' infringement of the '918 Patent unless this Court restrains their infringing conduct. i4F is without an adequate remedy at law.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 12,110,692 AGAINST DEFENDANTS HANFLOR AND FORM DESIGN

134. i4F repeats and re-alleges the averments contained in all preceding paragraphs of this Complaint as if fully stated herein.

135. Defendants import the SPC Accused Products into the United States and at least Defendant Hanflor offers to sell and sells the same in the United States.

136. The SPC Accused Products practice each and every element of the Asserted '692 Claims.

137. The SPC Accused Products are decorative panels that include include an SPC core with an upper side and lower side, with a decorative top structure affixed to the upper side of the core comprising PVC resin and calcium carbonate mixture. '692 Patent (claim 1), *see also, e.g.,* Exs. B-D, F-G.

COMPLAINT                                    30

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802

138. The SPC Accused Products include at least a first coupling profile on a first panel edge and a second coupling profile on a second panel edge to engage interlockingly with the first couple profile in a horizontal and vertical direction. '692 Patent (claim 1); *see also, e.g.,* Exs. B-C, F-G.

139. The core comprises at least one polymer, namely, PVC. '692 Patent (claims 1, 3); *see also, e.g.,* Exs. B-D, F-G.

140. Upon information and belief, the core comprises a plurality of different plasticizers, including a phosphate ester, namely, Tris(2,4-di-tert-butylphenyl) phosphate, and DOTP. '692 Patent (claim 1).

141. The SPC core also includes a mineral filler material, namely calcium carbonate. '692 Patent (claim 8); *see also, e.g.*, Ex. D.

142. At least Defendant Hanflor is offering to sell and/or selling the SPC Accused Products with i4F's 3L TripleLock and Click4U which includes the features explained above. *See* ¶¶ 48-63, *supra.*

143. Defendant Hanlfor is thus offering to sell and/or selling the SPC Accused Products including the features of claims 14 and 15 of the '692 Patent.

144. The activities of Defendants in importing into or selling and/or offering to sell the SPC Accused Products in the United States constitutes infringement of the Asserted '692 Claims under 35 U.S.C § 271(a).

145. Defendant Hanflor's conduct in urging or encouraging third parties, including Defendant Form+, to import the SPC Accused Products into the United States and/or to sell or offer to sell the same in the United States, knowing or being willfully blind to the fact that said third parties' conduct infringes the Asserted '692 Claims constitutes indirect infringement under 35 U.S.C § 271(b).

COMPLAINT

31

146.    At least Defendant Hanflor's infringement is willful.

147.    Upon service of this Complaint, Defendant Form Design's continued infringement will be willful.

148.    i4F has been irreparably damaged and will continue to be irreparably damaged by reason of Defendants' infringement of the '692 Patent unless this Court restrains their infringing conduct.  i4F is without an adequate remedy at law.

## COUNT V: INFRINGEMENT OF U.S. PATENT NO. 8,978,336 AGAINST DEFENDANT HANFLOR

149.    i4F repeats and re-alleges the averments contained in all preceding paragraphs of this Complaint as if fully stated herein.

150.    Defendant Hanflor offers to sell and, upon information and belief, has sold and imported the Locking Accused Products including i4F's 3L TripleLock and Click4U Technologies.  *See, e.g.,* Ex. B.

151.    Flooring panels or tiles incorporating i4F's 3L TripleLock and Click4U Technologies practice each and every limitation of at least claim 1 of the '336 Patent.  *See* ¶¶ 48-63.

152.    Thus, the Locking Accused Products infringe at least claim 1 of the '336 Patent.

153.    Upon information and belief, the Locking Accused Products also practice each and every limitation of claims 2-4, 6-13, 17, 19-25, 27, 30, 35, 39, 40, 41, 42, 43 of the '336 Patent (collectively, with claim 1 of the '336 Patent, the "Asserted '336 Claims").

154.    The activities of Hanflor in offering to sell, selling and/or importing the Locking Accused Products constitute infringement of the Asserted '336 Claims under 35 U.S.C § 271(a).

155.    Hanflor's infringement is willful.

COMPLAINT                                             32

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802

156.     i4F has been irreparably damaged and will continue to be irreparably damaged by reason of Defendant Hanflor's infringement of the '336 Patent unless this Court restrains its infringing conduct.  i4F is without an adequate remedy at law.

## COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 10,267,046
## AGAINST DEFENDANT HANFLOR

157.     i4F repeats and re-alleges the averments contained in all preceding paragraphs of this Complaint as if fully stated herein.

158.     Defendant Hanflor offers to sell and, upon information and belief, has sold and imported the Locking Accused Products including i4F's 3L TripleLock and Click4U Technologies.  *See, e.g.,* Ex. B.

159.     Flooring panels or tiles incorporating i4F's 3L TripleLock and Click4U Technologies practice each and every limitation of at least claims 1 and 24 of the '046 Patent.  *See* ¶¶ 48-63.

160.     Thus, the Locking Accused Products infringe at least claims 1 and 24 of the '046 Patent.

161.     Upon information and belief, the Locking Accused Products also practice each and every limitation of claims 3-9, 11, 13-16, 20, 23, 26-32, 34, 36-39, 43 and 46 of the '046 Patent (collectively, with claims 1 and 24 of the '046 Patent, the "Asserted '046 Claims").

162.     The activities of Hanflor in offering to sell, selling and/or importing the Locking Accused Products constitute infringement of the Asserted '046 Claims under 35 U.S.C § 271(a).

163.     Hanflor's infringement is willful.

164.     i4F has been irreparably damaged and will continue to be irreparably damaged by reason of Defendant Hanflor's infringement of the '046 Patent unless this Court restrains its infringing conduct.  i4F is without an adequate remedy at law.

COMPLAINT

33

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802

## COUNT VII: TRADEMARK INFRINGEMENT UNDER
## THE LANHAM ACT (15 U.S.C. § 1114) AGAINST DEFENDANT HANFLOR

165.    i4F repeats and re-alleges the averments contained in all preceding paragraphs of this Complaint as if fully stated herein.

166.    Plaintiff i4F is the owner of the '113 Registration for the i4F Mark for the goods identified above. *See* ¶ 65, *supra*.

167.    i4F has been using the i4F Mark in interstate commerce since at least 2016.

168.    i4F has developed extensive goodwill and recognition as the source of industry leading drop-lock or click lock systems.

169.    Defendant Hanflor uses the i4F Mark to indicate that it offers i4F click lock technology on its products:



Ex. B (emphasis added).

170.    Hanflor's use of the i4F Mark in this manner is likely to cause confusion, or to cause mistake, or to deceive consumers that Hanflor is licensed or authorized by i4F to provide i4F locking technology.

COMPLAINT

34

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802

171. Additionally, and/or alternatively, to the extent that Hanflor does not provide i4F technology on its products, Hanflor's use of i4F is likely to deceive consumers and cause confusion or mistake that the locking provided on Hanflor floor panels/tiles is i4F locking technology.

172. Hanflor's conduct in this regard is knowing, willful, and deliberate, and designed specifically to trade upon the enormous goodwill associated with i4F's federally registered i4F Mark.

173. The above-described acts of Hanflor constitute trademark infringement of the '113 Registration in violation of 15 U.S.C. § 1114(1), entitling i4F to relief.

174. i4F has been, and is likely to continue to be, irreparably harmed and damaged by Hanflor's willful acts of trademark infringement if Hanflor is not restrained, in that i4F has suffered and is likely to suffer a loss of revenues and profits and a destruction of goodwill each time customers believe that Hanflor's products are sponsored, endorsed, authorized, licensed or otherwise associated with i4F.

175. Hanflor's conduct has also irreparably harmed, and if not enjoined, will continue to irreparably harm the consuming public who has an interest in being free from confusion, mistake and deception.

176. By reason of Hanflor's acts alleged herein, i4F's remedy at law is not adequate to compensate i4F for the injuries inflicted by Hanflor. Accordingly, i4F is entitled to preliminary and permanent injunctive relief against Hanflor pursuant to 15 U.S.C. § 1116.

177. By reason of Hanflor's willful acts, i4F is entitled to damages, and those damages should be trebled, under 15 U.S.C. § 1117.

178. This is an exceptional case, making i4F eligible for an award of attorneys' fees under 15 U.S.C. §1117.

COMPLAINT                                     35

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802

**COUNT VIII: TRADEMARK INFRINGEMENT/FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT (15 U.S.C. § 1125) AGAINST DEFENDANT HANFLOR**

179.    i4F repeats and re-alleges the averments contained in all preceding paragraphs of this Complaint as if fully stated herein.

180.    i4f is the exclusive owner of the i4F Mark in connection with the goods and services identified in paragraph 65 above.

181.    Hanflor's use of the i4F Mark as described above without permission or license from i4F is likely to cause confusion, or to cause mistake, or to deceive consumers of Hanflor's products that Hanflor and/or its products are created, sponsored, endorsed, authorized, licensed or otherwise associated with i4F.

182.    Hanflor's conduct in this regard is knowing, willful and deliberate, and designed specifically to trade upon the enormous goodwill associated with the i4F Mark.

183.    Hanlfor's use of the i4F Mark constitutes a false designation of origin which is likely to deceive consumers into believing that Hanflor's goods and services are authorized or are sponsored, endorsed, authorized, or licensed by or otherwise associated with i4F.

184.    The above-described acts of Hanflor constitute trademark infringement of the i4F Mark, and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling i4F to relief.

185.    Hanflor has unfairly profited from the actions alleged in an amount to be determined at trial.

186.    By reason of Hanflor's acts alleged herein, i4F has suffered damage to the goodwill associated with its i4F Mark.

187.    Hanflor's activities have irreparably harmed and, if not enjoined, will continue to irreparably harm i4F and the i4F Mark.

COMPLAINT                                          36

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802

188. Hanflor's activities have irreparably harmed and, if not enjoined, will continue to irreparably harm the relevant consuming public, which has an interest in being free from confusion, mistake and deception.

189. Hanflor's actions will cause i4F to lose the benefit of the substantial investment made in developing, marketing, and selling its technology. Hanflor's improper actions are intended to cause harm to i4F.

190. By reason of Hanflor's acts alleged herein, i4F's remedy at law is not adequate to compensate i4F for the injuries inflicted by Hanflor. Accordingly, i4F is entitled to preliminary and permanent injunctive relief against Hanflor pursuant to 15 U.S.C. § 1116.

191. By reason of Hanflor's willful acts, i4F is entitled to damages, and those damages should be trebled, under 15 U.S.C. § 1117.

192. This is an exceptional case, making i4F eligible for an award of attorneys' fees under 15 U.S.C. §1117.

193. Hanflor's false designation of origin and trademark infringement will continue unless enjoined by this court.

## COUNT IX: FALSE ADVERTISING UNDER THE LANHAM ACT (15 U.S.C. § 1125) AGAINST DEFENDANT HANFLOR

194. i4F repeats and re-alleges the averments contained in all preceding paragraphs of this Complaint as if fully stated herein.

195. Hanflor's actions constitute false advertising in violation of 15 U.S.C. § 1125(a)(1)(B).

196. Hanflor sells and offers to sell flooring panels and tiles in interstate commerce.

197. Hanflor falsely advertises that it is licensed or authorized to sell, offer to sell or manufacture flooring planks and tiles with i4F "click lock":

COMPLAINT                                    37



**Click Lock System.**
The Click Lock types of our products are Unilin, Valinge 2G, Valinge 5G, VILOX, I4F.

Ex. B (emphasis added).

198.    Hanflor is not licensed or otherwise authorized by i4F to sell, offer to sell, or manufacture flooring planks or tiles with i4F click lock systems.

199.    Additionally and/or alternatively, if Hanflor does not sell, offer to sell or manufacturing floor panels or tiles with i4F click lock systems, Hanflor's representation that it does so sell, offer to sell or manufacturing flooring planks or tiles with i4F click lock systems is false.

200.    In either event, Hanflor's representation that it provides flooring planks or tiles with i4F click lock systems has the tendency to deceive a substantial portion of Hanflor's intended audience.

201.    Hanflor's misrepresentation is likely to mislead consumers and purchasers of Hanflor that Hanflor is, indeed licensed by i4F and is likely to influence customers' decisions to purchase flooring products from Hanflor.

202.    Hanflor's false and/or misleading statement has injured and is likely to continue to injure i4F by way of loss of goodwill, declining sales, or similar harm.

COMPLAINT                                      38

203. i4F has been, and is likely to continue to be, irreparably harmed and damaged by Hanflor's willful acts described herein if Hanflor is not restrained, in that i4F has suffered and is likely to suffer a loss of revenues and profits and a destruction of goodwill each time customers purchase Hanflor's products assuming they are licensed or authorized by i4F or include i4F technology.

204. By reason of Hanflor's acts alleged herein, i4F's remedy at law is not adequate to compensate i4F for the injuries inflicted by Hanflor.  Accordingly, i4F is entitled to preliminary and permanent injunctive relief against Hanflor pursuant to 15 U.S.C. § 1116.

205. By reason of Hanflor's willful acts, i4F is entitled to damages, and those damages should be trebled, under 15 U.S.C. § 1117.

206. This is an exceptional case, making i4F eligible for an award of attorneys' fees under 15 U.S.C. §1117.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury for all issues triable by a jury.

**WHEREFORE**, i4F prays:

A. that Defendants, their officers, employees, agents, and those persons in active participation with them be permanently enjoined from infringing the Asserted Patents;

B. that judgment be entered finding that Defendants infringe the Asserted Patents;

C. that Defendants be ordered to pay damages to i4F pursuant to 35 U.S.C. § 284 in an amount adequate to compensate i4F for the infringement, but not less than a reasonable royalty, including interest from the dates of infringement, resulting from Defendants' infringement of the Asserted Patents;

COMPLAINT

39

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802

D.     that Defendants infringement be deemed willful and, as a result, that Defendants be ordered to pay i4F treble damages pursuant to 35 U.S.C. § 284;

E.     that i4F be awarded its costs of this action and reasonable attorneys' fees pursuant to 35 U.S.C. § 284 and 285;

F.     that Defendant Hanflor, its officers, employees, agents, and those persons in active participation with them be preliminarily and permanently enjoined from infringing United States Trademark Registration No. 6,635,113 and the i4F Mark and from falsely advertising that it is licensed or authorized to utilize i4F technology on its products under the Lanham Act;

G.     that Defendant Hanflor be adjudged to infringe United States Trademark Registration No. 6,635,113 and the i4F Mark and to have falsely advertised under the Lanham Act;

H.     that Defendant Hanflor committed such infringement and false advertising willfully;

I.     that Hanflor be ordered to pay to i4F treble damages pursuant to 15 U.S.C. § 1117(b), resulting from Hanflor's willful infringement of i4F's trademark rights; and

J.     that i4F be awarded such further relief as this Court may deem just and proper.

Respectfully submitted,

DATED: April 27, 2026

**FOLIO LAW GROUP PLLC**

/s/ Cristofer I. Leffler
Cristofer I. Leffler (WSBA# 35020)

/s/ Michael C. Saunders
Michael C. Saunders (WSBA# 51550)

/s/ Katherine Bentfield
Katherine Bentfield (WSBA# 61548)
katherine.bentfield@foliolaw.com

COMPLAINT

40

Folio Law Group PLLC
1200 Westlake Ave. N., Ste. 809
Seattle, WA  98109
(206) 880-1802

1200 Westlake Ave. N. Ste. 809
Seattle, WA 98109
Tel: (206) 880-1802
cris.leffler@foliolaw.com
mike.saunders@foliolaw.com
katherine.bentfield@foliolaw.com

*Attorneys for i4F Licensing N.V.*

COMPLAINT

41